IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JAIVIN RAJ KARNANI,<br><br>   a/k/a "Quinn Bash,"<br>   a/k/a "Steve Johnson,"<br><br>   Defendant. | Case No. 1:25-cr-274 |

## STATEMENT OF FACTS

The United States and the defendant, JAIVIN RAJ KARNANI, agree that had this matter proceeded to trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

**I.   Factual Background**

1.   Defendant JAIVIN RAJ KARNANI resided in McLean, Virginia, at all times relevant herein, and has lived there since approximately 2021. McLean is a city located in the Eastern District of Virginia. KARNANI conducted the scheme described below from his residence in McLean, Virginia.

2.   Harrods Limited ("Harrods") is a luxury department store located in London. Harrods ships its products to customers in America through private and commercial interstate carriers such as DHL Express (USA), Inc. ("DHL") and Ferrari Express Inc. ("Ferrari Express").

3.   American Express Company ("American Express"), headquartered in New York City, is a financial services corporation that specializes in payment cards.

4.   Customers can dispute charges to their American Express payment card account

for a variety of reasons, including for not receiving goods or services. Disputing a charge may result in the charge being removed from the customer's payment card account and the transaction cost may transfer to either American Express or the merchant (e.g. Harrods). The dispute may also result in the charge being rebilled to customer's account.

5.      KARNANI executed transactions at Harrods with American Express payment cards under his control from approximately 2022 to 2024. KARNANI used four American Express payment card accounts for his transactions with Harrods (two American Express payment card accounts under his name and two American Express payment card accounts under his mother's name).

6.      In addition to using his real name, KARNANI created and used the fictitious names "Quinn Bash" and "Steve Johnson" for transactions with Harrods, which led to shipments of watches to KARNANI addressed to these fictitious names. KARNANI controlled multiple email accounts and phone numbers while conducting his transactions with Harrods, including email accounts stevejohnson236@gmail.com; qbferrari458@gmail.com; and quinnbash88@gmail.com, and phone numbers (443) 301-3404 and (703) 829-6787.

## II.    Criminal Conduct.

7.      From in or about November 2022 through in or about June 2024, in the Eastern District of Virginia and elsewhere, the defendant, JAIVIN RAJ KARNANI, devised, knowingly intended to devise, and executed and attempted to execute, a scheme and artifice to defraud American Express and Harrods, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, by making material misrepresentations concerning, among other things, the delivery of the products he purchased.

8.      To execute the scheme and to attempt to execute it, KARNANI would frequently cause products to be shipped by private and commercial interstate carriers, such as DHL and

Ferrari Express, from Europe to his residence in McLean, Virginia. After actual receipt of the items, KARNANI would falsely dispute these Harrods purchases with American Express, most frequently using the dispute category "Goods and Services Not Received."

*Manner and Means of the Scheme to Defraud*

9.  Defendant KARNANI would use his American Express cards to purchase luxury watches from Harrods, which would then mail the watches to KARNANI's residence in the Eastern District of Virginia.

10.  KARNANI would use his own name as well as the fictitious names "Quinn Bash" and "Steve Johnson" to make the purchases and also direct DHL and Ferrari Express to deliver the luxury watches to him in McLean, Virginia.

11.  After the luxury watches arrived, KARNANI would initiate a dispute with American Express in an attempt to have the charges for the watches removed from his statement and balances due, while KARNANI actually had received the watches and intended to sell them for money.

12.  The transaction dispute process would delay the need for KARNANI to pay his American Express balance and, after the dispute was adjudicated, result in either KARNANI, American Express, or Harrods having to cover the cost of the transaction. A review of KARNANI's iPhone and QuickBooks found communications and invoices in which KARNANI sold, or attempted to sell, Harrods watches to watch dealers in Michigan and in New York.

13.  Altogether, KARNANI falsely discharged approximately $680,886 in American Express charges relating to luxury watches he had purchased and actually received from Harrod's under the false claim that he had never received the watches.

14.  KARNANI attempted to falsely discharge an additional approximately $995,802

3

in American Express charges relating to luxury watches he had purchased and actually received from Harrods. The balance of the charges KARNANI unsuccessfully disputed (e.g., approximately $995,802) were rolled into a payment plan on his American Express accounts. KARNANI escaped any payment responsibility for the approximately $680,886 in luxury goods he actually received and then resold or planned to resell.

*Executions of the Scheme*

<u>Ferrari Express Shipment FE760600 (Transaction Amount $51,476.43)</u>

15. On February 24, 2024, all dates herein being on or about the date indicated and all dollar amounts being approximate, KARNANI purchased a H. Moser & Cie. watch[1] (serial number 129791) for $51,476.43 from Harrods with an American Express card under his control. On March 5, 2024, Ferrari Express delivered the shipment to KARNANI at his residence in McLean, Virginia, in the Eastern District of Virginia.

16. On March 19, 2024, KARNANI falsely and successfully disputed the transaction as "Goods and Services Not Received," and as a result American Express relieved KARNANI of payment responsibility for the payment of the $51,476.43 associated with the purchase of the H. Moser & Cie. watch.

17. On April 1, 2025, during the execution of a search warrant at the residence of KARNANI in McLean, Virginia, postal inspectors found a H. Moser & Cie. watch with serial number 129791 in the residence. On April 9, 2025, representatives from Harrods confirmed that an H. Moser & Cie. watch with serial number 129791 was purchased by KARNANI.

---

[1] Some of the transactions detailed throughout this document included multiple items, such as a watch and watch accessory or multiple watches. The item listed in each paragraph is the highest dollar watch that made up the majority of the sale price.

4

### DHL Shipment 5160655043 (Transaction Amount $8,527.76)

18. On April 23, 2024, KARNANI, using the fictitious name "Steve Johnson," purchased a Tudor watch (serial number 85H64Q1) for $8,527.76 from Harrods with an American Express card under his control. On May 2, 2024, DHL delivered the shipment to KARNANI in the name of "Steve Johnson," at his residence in McLean, Virginia, in the Eastern District of Virginia.

19. On May 30, 2024, KARNANI falsely disputed the transaction as "Goods and Services Not Received." Initially, American Express relieved him of responsibility for paying this charge, however, later it was added back to his account as a charge he was responsible to pay.

20. On April 1, 2025, during the execution of a search warrant at the residence of KARNANI in McLean, Virginia, postal inspectors found a Tudor watch with serial number 85H64Q1 in the residence. On April 9, 2025, representatives from Harrods confirmed that a Tudor watch with serial number 85H64Q1 was purchased by KARNANI (under the fictious name Steve Johnson).

### DHL Shipment 5992386260 (Transaction Amount $55,016.42)

21. On May 8, 2024, KARNANI, using the fictitious name "Quinn Bash," purchased a Vacheron Constantin watch for $55,016.42 from Harrods with an American Express card under his control. On May 17, 2024, DHL delivered the shipment to KARNANI, in the name of "Quinn Bash," at his residence in McLean, Virginia, in the Eastern District of Virginia.

22. On June 4, 2024, KARNANI falsely disputed the transaction as "Goods and Services Not Received." Initially, American Express relieved him of responsibility for paying this charge, however, later it was added back to his account as a charge he was responsible to

pay.

23. Records obtained from Jewelry Store #1 include an invoice dated May 30, 2024. This invoice shows the sale of a Vacheron Constantin watch to Jewelry Store #1 from business Blue Dot 1856 LLC[2] for $45,000 with payment to Blue Dot 1856 LLC's American Express National Bank account ending in 7512. The model reference number on the invoice is 5500V/000R-B074. On June 2, 2025, Harrods confirmed that a Vacheron Constantin 5500V/000R-B074 was sold to "Quinn Bash" (KARNANI's fictitious name) in May 2024. KARNANI, thus, sold the watch to Jewelry Store #1 for $10,016.42 less than the purchase price he incurred from Harrod's.

Ferrari Express Shipment FE756406 (Transaction Amount $102,028.70)

24. On December 27, 2023, KARNANI purchased a Vacheron Constantin watch for $102,028.70 from Harrods with an American Express card under his control. On January 4, 2024, Ferrari Express delivered the shipment to KARNANI at his residence in McLean, Virginia, in the Eastern District of Virginia.

25. On January 19, 2024, KARNANI successfully disputed the transaction as "Goods and Services Not Received," and a result American Express relieved KARNANI of payment responsibility for the $102,028.70 in charges associated with the Vacheron Constantin watch.

26. Records from jewelry store Jewelry Store #1 include an invoice dated April 5, 2024. This invoice shows the sale of a Vacheron Constantin watch to Jewelry Store #1 from business Blockchain Enterprises[3] for $89,000 with payment to Blockchain Enterprises' Capital One account ending in 7112. The model reference number on the invoice is 4300V/120R-B509.

---

[2] Records from American Express list KARNANI as the owner of Blue Dot 1856 LLC and the account ending in 7512.
[3] Records from Capital One list KARNANI as the owner of Blockchain Enterprises and the account ending in 7112.

On June 9, 2025, Harrods confirmed that a Vacheron Constantin 4300V/120R-B509 was sold to KARNANI in December 2023. KARNANI, thus, sold the watch to Jewelry Store #1 for $13,028.70 less than the purchase price he incurred from Harrod's.

Conclusion

27. KARNANI has read the allegations in the Criminal Information in this case and agrees that they are all true and correct and would be proven to a jury beyond a reasonable doubt.

28. This statement of facts includes those facts necessary to support the plea agreement between the defendant and the United States. It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

29. Furthermore, this statement of facts is an admission of the defendant that can be used in subsequent court proceedings against him. This statement of facts does not constitute and is not part of compromise negotiations under Fed. R. Evid. 410 or any other provision of federal law. As such, defendant agrees that this statement of facts should not be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines or any other provision of the Constitution or federal law.

30. The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

Respectfully submitted,

Lindsey Halligan
United States Attorney

Date: _____     By: _____
Russell L. Carlberg
Assistant United States Attorney

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, JAIVIN RAJ KARNANI, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
JAIVIN RAJ KARNANI

I am Steven Vinick, defendant's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Steven B. Vinick
Counsel for Jaivin Raj Karnani